## STRAUSS v CLEVELAND (City)

Ohio Appeals, 8th Dist, Cuyahoga Co

No 11869.   Decided Oct 5, 1931

Harry F. Glick, Cleveland, for plaintiff in error.

Harold H. Burton, Erwin H. Boers, and Norman A. Ryan, Cleveland, for defendant in error.

learned an effective lesson by his experience and will obey the law in the future.

If circumstances arise which indicate trafficking in intoxicating liquor at said residence, the officers may, under the law, obtain a search warrant and search the premises by authority of law. Such was not the case in the case at bar, and we hold that the conviction was illegal and that the motion to suppress the evidence should have been granted.

The judgment is reversed, and the plaintiff in error is ordered discharged.

WEYGANDT and VICKERY, JJ, concur.

## KING v SHELBY (City)

Ohio Appeals, 5th Dist, Richland Co

No 374. Decided Sept, 1931

LEVINE, PJ.

The contention of the prosecutor is that the premises occupied by the plaintiff in error had lost its identity as a bone fide dwelling by reason of his former conviction for the unlawful possession of intoxicating liquor found on the same premises two months prior to the search.

We do not agree with this contention. It is not the policy of the law to perpetually condemn a defendant convicted of the offense of unlawful possession of intoxicating liquor, nor to forever consider the home which he occupies as a place other than a bone fide residence on the basis of such conviction. The thought that one who commits a violation of law will continue to do so in the future, is foreign to our jurisprudence. Quite the contrary is true. The courts entertain the hope that the sentence of the court following the conviction, operates not only as punishment but that it also is correctional in its character, in that the person so convicted has